UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARY DOSS,

        Plaintiff,                            Civil Case No.: 4:18-11930
                                          Honorable Linda V. Parker
v.                                           Mag. Judge Mona K. Majzoub

CORIZON MEDICAL
CORPORATION[1],

        Defendant.
_____/

## **OPINION AND ORDER (1) GRANTING DEFENDANT'S MOTION TO DISMISS AND (2) DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND**

Plaintiff Clary Doss-Bey ("Doss-Bey"), incarcerated at the Thumb Correctional Facility in Lapeer, Michigan, filed this *pro se* civil rights action against Defendant Corizon Medical Corporation ("Corizon"), pursuant to 42 U.S.C. § 1983, claiming a violation of his 8th Amendment rights against cruel and unusual punishment from a denial of corrective eye surgery. (Compl., ECF No. 1 at 1, Pg. ID 1.) This matter is before the Court on Corizon's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dismiss Mot., ECF No. 20.)

Doss-Bey alleges as follows. He has a visual disability caused by cataracts and glaucoma. (Compl. at 2, Pg. ID 2.) Corizon is the health care corporation contracted by

---

[1] Defendant's name is misspelled in Plaintiff's Complaint as Corizen. The Court will use the correct name, Corizon.

the Michigan Department of Corrections ("MDOC") to provide medical services for state prisoners. (Compl., ECF No. 1 at 1, Pg. ID 1.) He contends that Corizon has denied him corrective eye surgery which could cure his visual disability, stating to him that the surgery is cosmetic and unnecessary. (Compl. at 2, Pg. ID 2; Pl. Resp., ECF No. 22 at 66, Pg. ID 66.) As a result of the surgery being denied, Doss-Bey claims that he has gone blind in his right eye and will remain so until the corrective surgery is performed. (Pl. Resp. at 66, Pg. ID 66.) He claims—in general terms—that "his right to receive adequate medical care, is being violated according to [MDOC] policies." (Compl. at 2, Pg. ID 2.) Doss-Bey argues that denial of his corrective eye surgery demonstrates deliberate indifference toward his serious medical need in violation of the 8th Amendment's prohibition against cruel and unusual punishment. (*Id.*)

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further

factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

As the Supreme Court provided in *Iqbal* and *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption is not applicable to legal conclusions, however. *Iqbal*, 556 U.S. at 668. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555).

Indeed, the medical treatment a prisoner receives in prison is subject to scrutiny under the Eighth Amendment[2]. *See Miller v. Calhoun County*, 408 F.3d 803, 812 (6th Cir. 2005) (citing *Estelle v. Gamble*, 429 U.S. 97, 2014 (1976)). The Supreme Court has articulated a mixed objective and subjective standard for determining the existence of a deliberate indifference claim in the context of the 8th Amendment:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

The objective component of the standard requires a demonstration of a sufficiently serious medical need. *Miller*, 408 F.3d at 812. Courts have addressed whether denial of cataract surgery amounts to deliberate indifference to a serious medical need, reaching mixed results depending on the specific circumstances of the case. *Compare Cobbs v. Pramstaller*, No. 10–2089, 2012

---

[2] The Due Process Clause and 14th Amendment operate to guarantee the same protections afforded post-conviction inmates by the 8th Amendment to pretrial detainees as well. *Miller*, 408 F.3d at 812 (citing *Thompson v. County of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir. 1994)). Here, the 8th Amendment applies.

WL 1194999, at *5 (6th Cir. Apr.10, 2012) (holding that medical evidence demonstrated a detrimental effect from delay in cataract surgery), *with* *Stevenson v. Pramstaller*, No. 07–cv–14040, 2009 WL 804748, at *5 (E.D. Mich. Mar.24, 2009) (granting summary judgment where evidence showed that the defendants refused cataract surgery because the prisoner's eye condition was stable). Here, Doss-Bey contends that he has gone blind in his right eye because he has been denied the corrective eye surgery.³ Accepting Doss-Bey's allegations as true, the Court concludes that Doss-Bey's medical condition sufficiently demonstrates a serious medical need—that is, the restoration of sight in his right eye.

Regardless, Doss-Bey's Complaint has neither identified any individual at Corizon responsible for denying his corrective eye surgery nor plead facts demonstrating any Corizon employee's knowledge of his asserted serious medical need. The subjective component requires a showing that the complained of person possessed "a sufficiently culpable state of mind in denying medical care." *Miller*, 408 F.3d at 813 (quoting *Farmer*, 511 U.S. at 834.) " 'Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate

---

³ Doss-Bey's complaint attaches a letter from MDOC noting that he had an upcoming appointment with the Optometrist on October 12, 2017. (Comp. at 11, Pg. ID 11.) Doss-Bey has not provided any other recent documentation concerning his medical treatment.

indifference.' " *Id.* (quoting *Horn v. Madison County Fiscal Court*, 22 F.3d 653, 660 (6th Cir.1994)). In establishing this component of the standard, Doss-Bey's Complaint is lacking.

Section 1983 imposes liability on an entity when it, under color of state law, violates a person's constitutional or statutory rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978). "[I]t is when execution of a *government's policy or custom* . . . inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694 (emphasis added); *see also Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987) ("to satisfy the *Monell* requirements a plaintiff must 'identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy.' "). Doss-Bey's Complaint neither sufficiently identifies any allegedly unconstitutional, governmental custom or policy nor demonstrates that his alleged constitutional violation was a result of any unconstitutional, governmental custom or policy. Doss-Bey points to MDOC Policy 03.04.100, which states that "[p]risoners shall be provided with a continuum of medically necessary health care services that are supported by evidence-based medical research." (Pl. Resp., ECF No. 22 at 1, Pg. ID 65.)

This, however, is clearly not a policy related to the denial of his corrective eye surgery.

Additionally, an entity cannot be held liable under § 1983 "*solely* because it employs a tortfeasor"—or, in other words, it cannot be held liable under § 1983 solely because of allegedly unconstitutional conduct by its employees or agents. *Monell*, 436 U.S. at 663. Section 1983 permits suit against "a private entity that contracts to perform traditional state functions," but that contractor is only liable under a *Monell* claim "for a policy or custom *of that private contractor,* rather than a policy or custom of" a governmental entity. *Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005); *see also Miller*, 408 F.3d at 813 (citing *Monell*, 436 U.S. at 694) (liability under § 1983 only attaches when the execution of a policy or custom causes the constitutional violation in question). Again, Doss-Bey has failed to sufficiently identify any policy or custom employed by Corizon that caused his alleged constitutional violation. For the foregoing reasons, Doss-Bey fails to state a deliberate indifference claim against Corizon.

In sum, Doss-Bey's Complaint lacks: (1) the identity of any person at Corizon responsible for denying his corrective eye surgery; (2) facts demonstrating that the responsible person at Corizon had knowledge of his asserted serious medical need; (3) facts identifying any specific custom or

policy of Corizon's that attributed to his alleged constitutional violation; and (4) facts demonstrating a causal connection between the specific custom or policy of Corizon's that attributed to his alleged constitutional violation.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (ECF No. 20) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITH LEAVE TO AMEND**. Plaintiff is permitted to amend his Complaint to correct any deficiencies; and

**IT IS FURTHER ORDERED** that Plaintiff shall file his Amended Complaint by **September 30, 2019**; If Plaintiff fails to file by the deadline, the Court will dismiss the Complaint without prejudice.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 15, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 15, 2019, by electronic and/or U.S. First Class mail.

s/ B. Sauve
Case Manager