UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARY DOSS,

            Plaintiff,         Civil Action No. 18-11930
                               Honorable Linda V. Parker
v.                             Magistrate Judge Elizabeth A. Stafford

CORIZON MEDICAL HEALTH
CORPORATION, *et al.*,

            Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT BASED ON FAILURE
TO EXHAUST ADMINISTRATIVE REMEDIES [ECF NO. 37]**

## I. Introduction

Plaintiff Clary Doss, a prisoner proceeding *pro se*, sues Corizon Medical Corporation (Corizon) and Donald Haiderer, O.D., under 42 U.S.C. § 1983, alleging he was deprived of required medical care in violation of his Eighth and Fourteenth Amendment rights. [ECF No. 32]. The Honorable Linda V. Parker referred all pretrial matters to the undersigned under 28 U.S.C. § 636(b). [ECF No. 39]. In January 2020, defendants moved for summary judgment, alleging that Doss failed to properly exhaust his

administrative remedies. [ECF No. 37]. The Court agrees, and thus recommends that defendants' motion for summary judgment be granted.

## II. Background

In early November 2016, while incarcerated at Thumb Correctional Facility, Doss saw Dr. Haiderer about the cataracts in his eyes. [ECF No. 32, PageID.106]. According to Doss, Dr. Haiderer "denied [his] serious medical need for surgery," and stated that no treatment was required. [*Id.*, PageID.106]. Dr. Haiderer allegedly told Doss in November 2017 that cataract surgery was cosmetic and not needed. [*Id.*, PageID.107]. Doss says that he complained in June 2018 that his vision had severely deteriorated. [*Id.*]. But Dr. Haiderer allegedly told Doss again in August 2018 that surgery was not needed because Doss had "20/20 vision in his left eye," so "there was no need to restore the right eye." [*Id.*]. Dr. Haiderer allegedly said this even though Doss also had a cataract in his left eye. [*Id.*]. Doss says that Dr. Haiderer told him that he would not have cataract surgery for at least 10 years, and that the surgery would be to restore his vision in one eye only after he had gone blind. [*Id.*, PageID.107].

In June 2019, Doss was transferred to Alger Correctional Facility and examined by a new eye doctor. [ECF No. 32, PageID.108]. The new doctor explained that "he had a severe case of cataracts that only [could]

be corrected through surgery." [*Id.*, PagID.108]. Doss thus had cataract-removal surgery on his right eye in October 2019. [*Id.*, PageID.109].

Doss's initial complaint was filed in June 2018 and he amended his complaint in December 2019, alleging that defendants denied him the cataract surgery. [ECF No. 1; ECF No. 32]. Doss claims that defendants' failure to remove the cataract from his right eye caused "unnecessary pain and suffering, including partial blindness for several years." [ECF No. 32; PageID.109].

Before filing suit, Doss had filed a grievance against Corizon; grievance number TCF-17-09-00397-028-I was filed in September 2017. [ECF No. 37-1, PageID.216].[1] But defendants argue that Doss did not exhaust his available administrative remedies through this grievance. [ECF No. 37].

III. Analysis

### A.

Federal Rule of Civil Procedure 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

---

[1] The grievance names "Prison Health Services," but that is another name for Corizon, as defendants acknowledge. [*See* ECF No. 37, PageID.209].

matter of law." Federal Rule of Civil Procedure 56(a). *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-57 (1986); *Pittman v. Cuyahoga County Dep't of Children & Family Servs.*, 640 F.3d 716, 723 (6th Cir. 2011). The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and must identify particular portions of the record that demonstrate the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009). In deciding a summary judgment motion, the Court must view the factual evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

The Prison Litigation Reform Act (PLRA) requires prisoners to "properly" exhaust all "available" administrative remedies prior to filing a lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006). Proper exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 90, 93 (emphasis in original). Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the

exercise of their responsibilities before being haled into court and produces a useful administrative record. *Jones v. Bock*, 549 U.S. 199, 204 (2007). The PLRA does not detail what "proper exhaustion" entails because "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones*, 549 U.S. at 218.

"The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim," but it is self-evident that an untimely or otherwise improperly filed grievance does not fulfill the exhaustion requirement. *Id.*; *see also Woodford*, 548 U.S. at 97. Finding otherwise "would permit a prisoner to bypass deliberately and flagrantly administrative review without any risk of sanction." *Woodford*, 548 U.S. at 97.

"Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence." *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015). But a prisoner countering a motion alleging failure to exhaust "must offer competent and specific evidence showing that he indeed exhausted his remedies, or was otherwise excused from doing so." *Sango v. Johnson*, 2014 WL 8186701, at *5 (E.D. Mich. Oct. 29, 2014), *adopted*, 2015 WL 1245969 (E.D. Mich. Mar. 18, 2015)). Granting summary

judgment because of a failure to exhaust administrative remedies is not on the merits and thus requires dismissal without prejudice. *Adams v. Smith*, 166 F. App'x 201, 204 (6th Cir. 2006).

**B.**

The grievance procedure at issue is MDOC Policy Directive 03.02.130, which has a three-step procedure that prisoners must follow to complete the administrative review process and properly exhaust grievances. [ECF No. 37-3, PageID.221-227]. Relevant here, the policy directive requires a prisoner to attempt to resolve informally the problem with the allegedly offending staff within two business days of becoming aware of the grievable issue, and then may file a Step I grievance about any unresolved issues with a grievance coordinator within five days of that informal effort. PD 03.02.130, ¶¶ P and R. If the Step I grievance is rejected, the prisoner must exhaust appeals through Steps II and III before filing suit. *Id.* at ¶¶ BB, FF.

MDOC's grievance policy states that grievances must include "dates, times, places, and names of all those involved in the issue being grieved." *Id.* at ¶ R. But courts have recognized a limited exception to the requirement that a prisoner name each officer about whom he grieves; "[a]n inmate need not identify each officer by name when the identities of the

particular officers are unknown." *Watson v. Jamsen*, No. 16-13770, 2017 WL 9477709, at *3 (E.D. Mich. Aug. 11, 2017), *adopted*, No. 16-CV-13770, 2017 WL 4250477 (E.D. Mich. Sept. 26, 2017) (internal citation and quotation marks omitted).  The "inmate must still describe the person or persons against whom he has a complaint with sufficient information to alert the prison officials to the problems so that the prison has a chance to address the claims before they reach federal court." *Id.* (internal citation and quotation marks omitted).  *Id.*

Doss's grievance alleged that Corizon was failing to treat his right-eye cataracts in violation of his constitutional rights. [ECF No. 37-1, PageID.216].  He did not name or refer to a doctor.  [*Id.*].  The Step I grievance had a space for Doss to detail his attempt to resolve the issue before writing his grievance and the date of that attempt.  [*Id.*, PageID.215-216].  Doss left that section blank.  [*Id.*, PageID.216].  Doss's Step I grievance was thus rejected as non-compliant with MDOC policies; the deputy warden wrote that Doss had failed to "make a **valid** attempt to resolve the matter with the staff member involved prior to writing a grievance."  [*Id.*, PageID.217 (emphasis in original)].

Doss filed a Step II appeal, saying, "I have made many attempts to resolve the issue at hand, at this facility as well as at several other

facilities." [ECF No. 37-1, PageID.214]. He still neither named nor described any eye doctors. [*Id.*]. The grievance rejection was upheld because Doss "failed to identify any attempts that he made to resolve the grievance prior to writing the grievance." [*Id.*, PageID.215]. Doss then filed a Step III appeal, referring again to unspecified attempts to resolve the grievance, and he said that he made another request for surgery on October 12, 2017. [*Id.*, PageID.214]. The warden responded to Doss by letter on October 19, 2017, stating that he reviewed Doss's chart even though Doss's grievance was rejected. [*Id.*, PageID.219]. The warden noted that Doss had been examined in November 2015 and November 2016, and that optometrists had found that Doss required no treatment. [*Id.*]. The warden also said that Doss had an upcoming optometrist appointment. [*Id.*].

Doss describes the warden's letter as an acknowledgment that he "did in fact attempt to resolve the issue" before filing a grievance. [ECF No. 41, PageID.247]. According to Doss, the warden's review of his records revealed that Dr. Haiderer examined him in November 2015, November 2016 and October 2017. [*Id.*]. Doss contends that he attempted to informally resolve his grievance with Dr. Haiderer by requesting cataract surgery at those appointments. [*Id.*]. But Doss filed his Step I grievance in

September 2017, not within five days of his alleged informal attempts to resolve the issue with Dr. Haiderer at his appointments in November 2015 or November 2016, as required by PD 03.02.130, ¶ P. Nor did Doss file a renewed grievance within five days of his appointment with Dr. Haiderer in October 2017. So even if Doss's failure to describe his informal attempts on the Step I grievance form could be excused, there is no genuine dispute that his Step I grievance was untimely.

Doss also failed to name or describe Dr. Haiderer in his grievances. "MDOC policy explicitly required him to name each person against whom he grieved." *Sullivan v. Kasajaru*, 316 F. App'x 469, 470 (6th Cir. 2009). Doss argues that he did not know Dr. Haiderer's name when he filed his grievance. [ECF No. 41, PageID.247]. But Doss failed to "offer any facts to support a complaint that any [doctor was] involved in formulating or pursuing a policy of denying treatment," and thus does not satisfy the limited exception allowed when the inmate does not know the name of the person he grieves. *Watson*, 2017 WL 9477709, at *3. Thus, even if Doss's grievance had been timely, it would not have exhausted his available administrative remedies for a claim against Dr. Haiderer.

Doss asserts that he "did not know or understand what more he could have done to" fulfill the exhaustion requirement, and the Court should find

exhaustion in the name of justice. [ECF No. 41, PageID.247-248 (citing *LaFountain v. Martin*, 334 F. App'x 738 (6th Cir. 2009))]. But *LaFountain* does not support a conclusion that a failure to exhaust should be forgiven in the name of justice. Instead, the *LaFountain* court held that the plaintiff's grievance was exhausted through Step III, and that it had been improperly rejected by prison officials under the false premise that the grievance raised multiple unrelated issues. *Id.* at 740-751.

The *LaFountain* court did emphasize that "[a]n administrative remedy may not be considered 'available' where very technical procedural requirements make compliance difficult for all but the most sophisticated inmate." 334 F. App'x at 740. But procedural rules imposing deadlines and requiring that those grieved be identified are not considered "very technical procedural requirements." *See id.* (describing agency deadlines as being critical procedural rules); *Sullivan*, 316 F. App'x at 470 (emphasizing that MDOC policy explicitly requires that the names of those being grieved). Doss's unawareness of the requirements of the grievance policy does not excuse his failure to properly exhaust all available administrative remedies. *See Napier v. Laurel Cnty.*, 636 F.3d 218, 221-22 n.2 (6th Cir. 2011) ("A plaintiff's failure to exhaust cannot be excused by his ignorance of the law or the grievance policy."); *Brock v. Kenton Cnty.*, 93 F. App'x 793, 797-98

(6th Cir. 2004) (rejecting inmate's argument that exhaustion should be excused because he was not aware of jail's grievance system).

For these reasons, Doss's failure to properly exhaust his available administrative remedies cannot be excused.

## IV. Conclusion

Defendants' motion for summary judgment [ECF No. 37] should be **GRANTED**, and the claims against all defendants should be **DISMISSED WITHOUT PREJUDICE**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: August 26, 2020

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of*

*HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 26, 2020.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
