UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARY DOSS,

        Plaintiff,                         Civil Case No. 18-11930
                                                    Honorable Linda V. Parker

v.

CORIZON MEDICAL
CORPORATION and DONALD
HAIDERER,

        Defendants.
_____/

**<u>OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE'S AUGUST 26, 2020 REPORT AND RECOMMENDATION [ECF NO. 44]; (2) GRANTING DEFENDANTS CORIZON HEALTH, INC.'S AND DONALD HAIDERER, D.O.'S MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES [ECF NO. 37]; AND (3) DENYING AS MOOT PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE OBJECTIONS [ECF NO. 49]</u>**

      Plaintiff Clary Doss—a state prisoner at the Chippewa Correctional Facility in Kincheloe, Michigan—filed this *pro se* action under 42 U.S.C. § 1983 against Corizon Medical Corporation and Dr. Donald Haiderer, alleging that Defendants violated his Eighth and Fourteenth Amendment rights by failing to remove the cataract from his right eye, which caused "unnecessary pain and suffering, including partial blindness for several years." (ECF No. 32 at Pg. ID 109.) Defendants subsequently moved for summary judgment. (ECF No. 37.) The Court referred the matter to Magistrate Judge Elizabeth A. Stafford for all pretrial proceedings, including a hearing and determination

of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 39.)

On August 26, 2020, Magistrate Judge Stafford issued a R&R, recommending that the Court grant Defendants' Motion for Summary Judgment. (ECF No. 44.) In the R&R, Magistrate Judge Stafford concluded that Plaintiff failed to exhaust all available administrative remedies and his failure to do so could not be excused. (*See id.* at Pg. ID 276.)

At the conclusion of the R&R, Magistrate Judge Stafford informed the parties that they must file any objections to the R&R within 14 days. (*Id.*) She further advised that, "[i]f a party fails to timely file specific objections, any further appeal is waived." (*Id.* (citing *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).) On September 9, Plaintiff filed a Motion for Extension of Time to File Objections. (ECF No. 45.) The Court granted Plaintiff's motion and ordered objections to be filed by October 13. (ECF No. 46.) On September 28, Plaintiff requested an additional extension. (ECF No. 47.) The Court granted Plaintiff's request, ordered objections to be filed by October 23, and noted that no further extensions would be granted. (ECF No. 48.) Plaintiff did not file objections, and the time to do so has expired.

The Court reviewed the August 26, 2020 R&R and concurs with the conclusions reached by Magistrate Judge Stafford. The Court therefore (i) **ADOPTS** the R&R (ECF

No. 44); (ii) **GRANTS** Defendants Corizon Health, Inc.'s & Donald Haiderer, D.O.'s Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (ECF No. 37); and (iii) **DENIES** Plaintiff's Motion for Extension of Time to File Objections (ECF No. 49) as moot.

**IT IS SO ORDERED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: October 27, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 27, 2020, by electronic and/or U.S. First Class mail.

s/ R. Loury<br>
Case Manager