UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARY DOSS,

        Plaintiff,                        Civil Case No. 18-11930
                                            Honorable Linda V. Parker

v.

CORIZON MEDICAL
CORPORATION and DONALD
HAIDERER,

        Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [ECF NO. 53]**

Plaintiff Clary Doss—a state prisoner at the Chippewa Correctional Facility in Kincheloe, Michigan—filed this *pro se* action under 42 U.S.C. § 1983 against Corizon Medical Corporation and Dr. Donald Haiderer, alleging that Defendants violated his Eighth and Fourteenth Amendment rights by failing to remove a cataract from his right eye, which caused "unnecessary pain and suffering, including partial blindness for several years." (ECF No. 32 at Pg. ID 109.) Defendants subsequently moved for summary judgment. (ECF No. 37.) The Court referred the matter to Magistrate Judge Elizabeth A. Stafford for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation

("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B).  (ECF No. 39.)

On August 26, 2020, Magistrate Judge Stafford issued a R&R, recommending that the Court grant Defendants' Motion for Summary Judgment. (ECF No. 44.)  In the R&R, Magistrate Judge Stafford concluded that Plaintiff failed to exhaust all available administrative remedies and his failure to do so could not be excused.  (*See id.* at Pg. ID 276.)

At the conclusion of the R&R, Magistrate Judge Stafford informed the parties that they must file any objections to the R&R within 14 days.  (*Id.*)  She further advised that, "[i]f a party fails to timely file specific objections, any further appeal is waived."  (*Id.* (citing *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).)  On September 9, Plaintiff filed a Motion for Extension of Time to File Objections.  (ECF No. 45.)  The Court granted Plaintiff's motion and ordered objections to be filed by October 13.  (ECF No. 46.)  On September 28, Plaintiff requested an additional extension.  (ECF No. 47.)  The Court granted Plaintiff's request, ordered objections to be filed by October 23, and noted that no further extensions would be granted.  (ECF No. 48.)  The Court did not receive objections by that date and, on October 27, issued an Opinion and Order ("O&O") adopting Magistrate Judge Stafford's R&R and Granting Defendants' Motion for Summary Judgment.  (ECF No. 50.)

2

Presently before the Court is Plaintiff's Motion for Reconsideration. (ECF No. 53.) Plaintiff contends that he gave his Objections to prison officials on October 22 and they mailed the document on October 23. (*Id.* at Pg. ID 312-13.) Thus, Plaintiff argues, his Objections were timely filed and the Court committed palpable error by not considering them prior to issuing its October 27 O&O. (*Id.*)

Local Rule 7.1 provides the following standard of review for motions for reconsideration:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002). "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub.*

3

*Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).

Plaintiff submitted proof that he placed his Objections in the mail on October 23, 2020. (ECF No. 53 at Pg. ID 326-27.) But even if the Court considered Plaintiff's Objections, the outcome of the case would not change. First, Plaintiff argues that because he did not receive help completing his grievance form as required by MDOC policy, Magistrate Judge Stafford erred in finding that his failure to exhaust cannot be excused. (ECF No. 52 at Pg. ID 297-301.) Plaintiff cites to "MDOC Grievance Policy 03.02.130," which states "Wardens and FOA Managers [s]hall [e]nsure Prisoners and Parolees are provided assistance in completing a grievance form, if needed." (*Id.* at Pg. ID 297.) As an initial matter, Plaintiff does not suggest that he asked for assistance when completing his grievance form. In any event, because Plaintiff could have, but did not, raise this argument in response to Defendants' Motion for Summary Judgment (*see generally* ECF Nos. 41, 43), the argument is barred. *Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517 (6th Cir. 2010) ("A claim raised for the first time in objections to a magistrate judge's report is deemed waived."); *Miller v. Comm'r of Soc. Sec.*, No. 17-11665, 2018 WL 5800917, at *3 (E.D. Mich. Nov. 6, 2018) (citing *Swain*, 379 F. App'x at 517-18 and *Murr v. United States*, 200 F.3d 895, 902 n.2 (6th Cir. 2000)) ("Plaintiff did not raise this argument in his underlying

4

motion for summary judgment, and he cannot do so for the first time in his objections to the R & R.").

Second, Plaintiff contends that Magistrate Judge Stafford erred when she found that he failed to exhaust his administrative remedies by not naming or describing the relevant parties in his grievance form. (ECF No. 52 at Pg. ID 301-02.) Even if true, Magistrate Judge Stafford also found that Plaintiff's grievance was rejected due to his failure to make a valid attempt to resolve the matter with the staff member involved prior to writing a grievance. (ECF No. 44 at Pg. ID 272-73.)

To the extent Plaintiff argues that the Warden denied Plaintiff's grievance on the merits at Step II, thereby rendering any procedural issues irrelevant (*id.*), Plaintiff's argument fails. Plaintiff correctly points out that "[a] decision to review a claim on the merits gives [courts] a warrant to do so as well, even when a procedural default might otherwise have resolved the claim." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010). And it is true that the Warden had Plaintiff's chart reviewed after Plaintiff's grievance was rejected at Step II. (ECF No. 37-1 at Pg. ID 214 (Step II response rejecting claim due to procedural default returned to Plaintiff on October 18, 2017); *Id.* at Pg. ID 219 (Letter from Warden to Plaintiff dated October 19, 2017, beginning with: "The above grievance was rejected however, I did have Health Care review your chart to ensure you are

5

receiving adequate care regarding your cataracts.").) Even if the Warden's letter memorialized a review of Plaintiff's claims on the merits, the Sixth Circuit has noted that a plaintiff must "receive[] merits-based responses *at each step*" of the grievance procedure in order set aside a defendant's procedural defense. *Cook v. Caruso*, 531 F. App'x 554, 563 (6th Cir. 2013) (emphasis in original) (quoting *Reed-Bey*, 603 F.3d at 325). That did not happen in this case.

Third, Plaintiff states that Magistrate Judge Stafford erred by holding his *pro se* Complaint to the "high stringent standards of formal pleadings drafted by lawyers." (ECF No. 52 at Pg. ID 302-03.) The Court is unpersuaded because Plaintiff does not explain how his pleadings were held to such a standard. *See McPherson v. Kelsey*, 125 F. 3d 989, 995 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

## CONCLUSION

Because Plaintiff fails to demonstrate palpable defects which, if corrected, would result in a different disposition of the case, the Court denies his Motion for Reconsideration.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration (ECF No. 53)

is **DENIED**.

    **IT IS SO ORDERED**.

                                              s/ Linda V. Parker
                                              LINDA V. PARKER
                                              U.S. DISTRICT JUDGE

Dated: March 19, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 19, 2021, by electronic and/or U.S. First Class mail.

                                              s/ R. Loury
                                              Case Manager